# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to:

*Steven Wilkerson*
Case No. 7:20-cv-00035-MCR-GRJ

_____/

## ORDER

Pending before the Court is Defendants' Motion to Permit the Deposition of a Government Employee After November 19. ECF No. 19. Plaintiff opposes the motion. ECF No. 29. For the reasons explained below, 3M's motion is due to be granted.

Plaintiff is among the Trial Group D Bellwether Plaintiffs in this multidistrict litigation, a collection of products liability actions concerned with whether Defendants were negligent in their design, testing, and labeling of the nonlinear dual-ended Combat Arms Earplug Version 2 (the "CAEv2").

In the instant motion, 3M seeks leave of court to take the deposition of a yet-to-be identified Hearing Conservation Program Manager ("HCPM")

for Fort McCoy[1] after the November 19, 2021 discovery deadline.  ECF No. 19 at 1.  3M says that despite its own due diligence, it cannot meet the November 19, 2021 deadline.

    3M submitted its *Touhy* request to the government for the HCPM deposition on September 28, 2021—seven weeks before the discovery deadline, and before Defendants deposed Plaintiff.   3M followed-up with the government about its request on October 21 and October 27, 2021. On November 4, 2021, the government advised 3M that it was "still processing this *Touhy* request."  In view of the government's response 3M argues due to no fault of its own it cannot possibly take the HCPM's deposition by the court-imposed deadline.  3M says that it needs the HCPM's testimony to explore how the Hearing Conservation Program at Fort McCoy operated during the relevant time period, including what role military audiologists and civilian-hearing professionals played in the distribution, use and training of servicemembers as to their usage of hearing-protection devices.

    Plaintiff opposes the motion arguing that 3M was not diligent in pursuing this discovery and instead waited until the last minute, knowing that *Touhy* requests involved months and months of delays. Plaintiff points out that even though 3M was aware of Plaintiff's use of the CAEV2 at Fort

---

[1] For McCoy is where Plaintiff received his CAEv2s.

2

McCoy for more than twelve months it waited until September of 2021 to make the *Touhy* request to the government.  According to Plaintiff, 3M's failure to pursue diligently the deposition of the HCPM at Fort Mccoy through the *Touhy* request demonstrates that 3M 's delay is inconsistent with their burden to establish good cause that the deadline could not be met despite the party's diligence.

 Federal Rule of Civil Procedure 16 provides that a case management order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (*citing* Fed. R. Civ. P. 16 advisory committee's note; *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

 Although 3M was aware for some time that Plaintiff used the CAEV2 at Fort McCoy, and could have issued its Touhy request sooner, the Court, nonetheless, concludes that 3M has demonstrated sufficient diligence to take the deposition after the discovery deadline. Notably, 3M served the *Touhy* request before 3M took Plaintiff's deposition. At Plaintiff's deposition

Plaintiff provided further information about the circumstances surrounding the issuance of the CAEV2, thus making pursuit of the deposition of the HCPM at Fort McCoy even more relevant. Several times in October 3M diligently followed-up with the government. It was not until November 4, 2021, that the government advised it would not provide the response to the *Touhy* request before the November 19, 2021 deadline for discovery. Consequently, there was little 3M could do to take the HCPM's deposition prior to the November 19, 2021 deadline.

Therefore, the Court concludes that 3M has demonstrated sufficient good cause to take the deposition of the individual who was the HCPM at Fort McCoy from 2010 to 2012. 3M may take the deposition of the HCPM at Fort McCoy from 2010 to 2012 on a mutually convenient date and time after coordination with counsel for Plaintiff and coordination with counsel for the government. Because trial in this case is scheduled for the two-week period beginning on March 14, 2022, 3M is directed to schedule and complete the deposition by February 11, 2022.

Accordingly, upon due consideration, it is **ORDERED:**

1. Defendants' Motion to Permit the Deposition of Government Employee after November 19, ECF No. 19, is **GRANTED**.

2.   Defendants must complete the deposition by **February 11, 2022**.

**DONE AND ORDERED** this 21st day of December 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge