IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN WILKERSON,

    *Plaintiff*,

v.                                Case No.: 7:20cv35-MW/GRJ

3M, et al.,

    *Defendants.*

_____/

# VERDICT FORM

**I.   MR. WILKERSON'S CLAIMS**

1.   When the CAEv2 left the control of 3M and reached the user or consumer without substantial change in the condition it was sold, was it in such a defective condition—due to its design—as to be unreasonably dangerous to a user?

        YES_____   NO__✓__

2.   If you answered "yes" to Question No. 1, then answer this question. Otherwise, do not answer it. Was the defective condition a cause of Mr. Wilkerson's injuries?

        YES_____   NO__✓__

3.   When the CAEv2 left the control of 3M and reached the user or consumer without substantial change in the condition it was sold, was it in such a defective condition—due to its instructions or warnings—as to be unreasonably dangerous to a user?

        YES_____   NO__✓__

FILED IN OPEN COURT THIS

__3/25/2022__
CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

4.  If you answered "yes" to Question No. 3, then answer this question. Otherwise, do not answer it. Was the defective condition a cause of Mr. Wilkerson's injuries?

    YES____ NO ✓

5.  Was 3M negligent in designing the CAEv2 at the time it left 3M's possession, and was that negligence, if any, a proximate cause of Mr. Wilkerson's injuries?

    YES____ NO ✓

6.  Was 3M negligent in warning and/or instructing regarding use of the CAEv2 at the time it left 3M's possession, and was that negligence, if any, a proximate cause of Mr. Wilkerson's injuries?

    YES____ NO ✓

7.  Did you find by evidence that is clear, satisfactory, and convincing, to a reasonable certainty (the middle burden) that 3M fraudulently misrepresented information, on which Mr. Wilkerson justifiably relied, and that misrepresentation was a producing cause of Mr. Wilkerson's injuries?

    YES ✓ NO____

8.  Did 3M make a negligent misrepresentation on which Mr. Wilkerson justifiably relied, and that proximately caused Mr. Wilkerson's injuries?

    YES ✓ NO____

9.  Did you find by evidence that is clear, satisfactory, and convincing, to a reasonable certainty (the middle burden) that 3M fraudulently concealed information, and that concealment was a proximate cause of Mr. Wilkerson's injuries?

    YES____ NO ✓

**If you answered NO to each of Questions 1 through 9 that you were instructed to answer, your verdict is for 3M and your work is complete. Please have the foreperson sign and date the verdict form.**

**If you answered YES to any of Questions 1 through 9, your verdict is for Mr. Wilkerson on those questions, and you must proceed to Section II.**

## II.   AFFIRMATIVE DEFENSE: PROPORTIONATE RESPONSIBILITY

**Answer Questions 10 only if you answered YES to any of Questions 1 through 9, above.**

10.   Was the United States Military's negligence a proximate cause of Mr. Wilkerson's injuries?



YES_____   NO__✓__

**If you answered YES to Question 10, your verdict on this issue is for 3M; you should consider the percentage of fault that should be apportioned to the United States Military, and record that below.**

**If you answered NO to Question 10, your verdict on this issue is for Mr. Wilkerson, and you should not apportion any fault to the United States Military below.**

11.   If you found for 3M in Questions 10 above, then it is necessary for you to determine the percentage of fault attributable to the United States Military, and/or 3M. Your allocation of fault must total 100%. If you found for Mr. Wilkerson in Question 10, above, then you must apportion 100% of fault to 3M.

United States Military _____%

3M   __100__%

**These percentages must total 100%.**

**Proceed to Section III.**

## III. COMPENSATORY DAMAGES

**Only complete this section if you answered "Yes" to any of Questions 1 through 9, above.**

12. What sum of money, if paid now in cash, would fairly and reasonably compensate Mr. Wilkerson for his injuries, if any, that resulted from the occurrence in the question?

    a. Past pain and suffering (physical pain, mental anguish, and physical impairment).

    Answer: $ 1,000,000.00   (One Million Dollars)

    b. Future pain and suffering (physical pain, mental anguish, and physical impairment).

    Answer: $ 7,000,000.00   (Seven Million Dollars)

4

## IV. PUNITIVE DAMAGES

**You may, but are not required to, complete this Section if you awarded damages to Mr. Wilkerson in Section III, above.**

13. Did you find by evidence that is clear, satisfactory, and convincing, to a reasonable certainty (the middle burden) that 3M acted maliciously toward Mr. Wilkerson or in an intentional disregard of the rights of Mr. Wilkerson?

    YES_____   NO__✓__

**If you answered NO to Question 13, your verdict on this issue is for 3M, and your work is complete. Please have the foreperson sign and date the verdict form.**

**If you answered YES to Question 13, proceed to Question 14.**

14. What sum, if any, do you award against 3M as punitive damages?

    Answer: $_____

**PLEASE SIGN AND DATE THE VERDICT FORM BELOW.**

3/25/2022
DATE

[FOREPERSON signature redacted]
FOREPERSON