UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Wilkerson*, 7:20-cv-035 | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

# ORDER

Following a two-week trial in March 2022,[1] a jury found in favor of Plaintiff Steven Wilkerson on his claims for fraudulent and negligent misrepresentation, awarding $8,000,000 in compensatory damages. ECF No. 201. Pending before the Court is Defendants' Motion for Judgment as a Matter of Law ("JMOL") under Federal Rule of Civil Procedure 50(b) or, in the alternative, for a New Trial under Federal Rule of Civil Procedure 59(a). ECF No. 213. After careful review, the Court concludes Defendants' motion is due to be denied.

---

[1] Although the undersigned did not preside over the trial, the undersigned has extensive knowledge of the record in this case, having ruled on all pre-trial motions and objections to deposition designations and priority exhibits, having observed the entire trial over Zoom, and having presided over six bellwether trials herself. Thus, the undersigned is uniquely qualified to rule on the parties' post-trial motions.

I.  **Standard of Review**

Under Rule 50, JMOL is appropriate where a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue. *See Chaney v. City of Orlando, Fla.*, 483 F.3d 1221, 1227 (11th Cir. 2007); *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 421 F.3d 1169, 1177 (11th Cir. 2005). When considering such a motion, a court must "review the entire record, examining all the evidence, by whomever presented, in the light most favorable to the nonmoving party, and drawing all reasonable inferences in the nonmovant's favor." *Ledbetter*, 421 F.3d at 1177. In doing so, the court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A motion for JMOL should be granted "only if the facts and inferences point so overwhelmingly in favor of the [moving party] that [a] reasonable [jury] could not arrive at a contrary verdict." *Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 656 (11th Cir. 1998); *see Chaney*, 483 F.3d at 1227 ("[A] court's sole consideration of the jury verdict is to assess whether that verdict is supported by sufficient evidence.").

Additionally, Rule 59 provides that, following a jury trial, a new trial may be granted for any of the reasons for which new trials have previously been granted in federal courts. Fed. R. Civ. P. 59(a)(1)(A). Recognized grounds for a new trial

include circumstances in which the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, the damages are excessive, there were substantial errors in the admission or rejection of evidence or the instructions to the jury, or the trial was otherwise not fair to the moving party. *See McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). When considering a motion for new trial, a district court is free to independently weigh both the evidence favoring the verdict and the evidence in favor of the moving party. *See Williams v. City of Valdosta, Ga.*, 689 F.2d 964, 973 (11th Cir. 1982). The disposition of a motion for a new trial is a matter of judicial discretion, and a district court's ruling will not be disturbed absent a clear abuse of that discretion. *See Mekdeci ex rel. Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1513 (11th Cir. 1983).

## II. Defendants' Motion for JMOL

At the end of Wilkerson's case, Defendants moved for JMOL under Rule 50(a) on all of Wilkerson's claims. The Court denied Defendants' motions because "there [was] enough record evidence for the jury to find" in Wilkerson's favor on all of his claims. Trial Tr. 03/24/22 at 2688; *see* ECF No. 194. Defendants now renew two of their motions for JMOL under Rule 50(b), arguing that Wilkerson did not provide adequate reliance evidence to sustain his claims for negligent and fraudulent

misrepresentation. ECF No. 213 at 2–3. As stated in the prior ruling, the Court disagrees. *See, e.g.*, Trial Tr. 3/18/22 at 1253 (Wilkerson testifying that a civilian instructor represented that the CAEv2's yellow end would be protective on patrols and the green end would be protective on the gun range); *id.* at 1253, 1265–66 (Wilkerson testifying that he used the CAEv2's yellow end while on patrol and the green end on the gun range); *id.* at 1364 (Wilkerson testifying that he was led to believe the earplug provided adequate protection). Therefore, Defendants' renewed motions are denied.

Defendants further argue that they are entitled to JMOL on Wilkerson's negligent misrepresentation claim because Defendants' negligent misrepresentations were too remote from Wilkerson's hearing injuries, cutting off Defendants' liability under Wisconsin law. ECF No. 213 at 7–11. The Court again disagrees.

Wisconsin courts use the substantial factor test for causation, meaning the defendant can be liable even if the jury finds that defendant's conduct was not the sole cause of the plaintiff's injury. *See Merco Distrib. Corp. v. Com. Police Alarm Co., Inc.*, 267 N.W.2d 652, 654 (Wis. 1978). In deciding this issue, the jury considers whether the defendant's negligence created an "unbroken sequence of events . . . which produced the plaintiff's injury." *Cefalu v. Cont'l W. Ins. Co.*, 703 N.W.2d 743, 747 (Wis. App. 2005) (citing *Fondell v. Lucky Stores, Inc.*, 270 N.W.2d

205 (Wis. 1978)). After the jury determines causation, courts applying Wisconsin law "still may deny recovery after addressing public policy considerations." *Id.* (citing *Morden v. Continental AG*, 611 N.W.2d 659, 676 (Wis. 2000)). The relevant public policy consideration here is whether "the injury is too remote from the negligence," which is essentially determining whether "a superseding cause should relieve the defendant of liability." *Id*. at 750 (citation omitted). A superseding cause is an unforeseeable intervening act that breaks the chain of causation between the original act of negligence and the plaintiff's injury. *See id*. (explaining that the remoteness and superseding cause analysis is "a restatement of the old chain of causation test"); *Gracyalny v. Westinghouse Elec. Corp.*, 723 F.2d 1311, 1322 (7th Cir. 1983) (applying Wisconsin law and explaining that "a key inquiry in resolving the question of superseding cause is foreseeability") (citation omitted). Since the jury already considers whether there was a continuous chain of events in determining causation, "there will be few cases in which it makes sense to say that a defendant's negligence has been a substantial factor in the plaintiff's injury but is too removed from that injury to allow recovery." *Cefalu*, 703 N.W.2d at 750 (citation omitted); *see also Merlino v. Mut. Serv. Cas. Ins. Co.*, 127 N.W.2d 741, 747 (Wis. 1964) (explaining that a court will cut off liability for a superseding cause in the rare case in which "the conscience of the court would be shocked if the first actor were not relieved from liability").

CASE NO. 7:20-cv-035-MCR-GRJ

Here, Defendants first argue that their negligence is too remote from Wilkerson's hearing injuries because his injuries occurred while on Army National Guard duty in Mississippi rather than on deployment with the United States Army in Afghanistan. ECF No. 213 at 9–10. This argument fails. Wilkerson served in the Army National Guard from 2005 to 2013. Trial Tr. 3/18/22 at 1242, 1276. The majority of Wilkerson's time with the Army National Guard was spent in Mississippi. *See id*. at 1243, 1245, 1272–73. However, in 2009, his Army National Guard unit received deployment orders for Afghanistan. *Id.* at 1245. As part of his pre-deployment preparation, Wilkerson received the CAEv2, which he continuously used both during his deployment to Afghanistan and during the rest of his time with the Army National Guard in Mississippi. *Id*. at 1247–48, 1273, 1275–76. Wilkerson relied on the same misrepresentations when choosing to use the CAEv2 on patrols in Afghanistan as he did when choosing to use the CAEv2 during weapons training in Mississippi. As such, there was no unforeseeable intervening act to break the chain of causation because there was not an intervening act in the first place. Wilkerson's reliance on Defendants' misrepresentations was continuous throughout his military service. Accordingly, Wilkerson's Army National Guard service does not make his hearing injuries too remote from Defendants' negligent misrepresentations.

Next, Defendants argue that their negligence is too remote from Wilkerson's hearing injuries because alternate noise exposures, including motorcycle riding,

civilian weapons training, and occupational noise from shipbuilding, are superseding causes that broke the chain of causation. ECF No. 213 at 10–11. Defendants' coble together this argument entirely on disputed facts, failing to account for the jury's verdict or the standard of review for a Rule 50(b) motion. At the Rule 50(b) stage, the Court must assess whether the jury's verdict was reasonable after viewing the facts in Wilkerson's favor. *See Chaney*, 483 F.3d at 1222–23. The jury was instructed to consider alternative causes as a consideration for causation, ECF No. 199-2 at 12, yet the jury concluded that Defendants' misrepresentations were a substantial factor in causing Wilkerson's hearing injuries and that Defendants were 100% at fault. ECF No. 201 at 2–3. Nothing about the verdict conveys that the jury found the alternate noise exposure evidence persuasive. *See* ECF No. 201. Instead, there is ample evidence for a reasonable jury to conclude that Wilkerson's hearing injuries were not affected by these alternate noise exposures. *See, e.g.,* Trial Tr. 3/16/22 at 757, 829 (medical expert testimony concluding that the CAEv2 was the cause of Wilkerson's hearing injuries and ruling out other alternative causes that happened after the CAEv2 related noise exposure). As such, the Court cannot conclude that these alternate exposures even caused Wilkerson's hearing injuries, much less that they are superseding causes. Doing so would require the Court to weigh the facts in Defendants' favor, which is the opposite of the Court's role in reviewing Defendants' motion. *See Chaney*, 483 F.3d at 1222–23.

Even if the jury did conclude that these alternate exposures caused a portion of Wilkerson's hearing injuries, these alternate causes would not be superseding causes. There is ample evidence for a reasonable jury to conclude that Defendants made negligent misrepresentations to the United States Army about the CAEv2's efficacy. *See, e.g.*, Trial Tr. at 1684 (Admiral Allie Leslie testifying that "3M misled the government, and they made misrepresentations to the government . . . in selling the Combat Arms Earplug"); P-GEN-107 (brochure stating that the CAEv2 "fits most ear canals" and is "protective up to approximately 190 dBP for outdoor exposures"). The foreseeable result from these misrepresentations is that soldiers, like Wilkerson, would rely on the misrepresentations and sustain hearing injuries from military noise. Thus, the chain between Defendants' original act of negligence and Wilkerson's hearing injuries remains intact because Wilkerson's hearing injuries were a foreseeable consequence of Defendants' negligence. As such, these alternate noise exposures cannot constitute superseding causes and cannot cut off Defendants' liability. *See Cefalu*, 703 N.W.2d at 747; *Gracyalny*, 723 F.3d at 1322.

Accordingly, Defendants' motions for JMOL are denied.

### III. Defendants' Motion for New Trial

Defendants argue they are entitled to a new trial because the jury's verdict was inconsistent given that the jury found in Defendants' favor on all of Wilkerson's claims except for fraudulent and negligent misrepresentation. ECF No. 201; ECF

CASE NO. 7:20-cv-035-MCR-GRJ

No. 213 at 6–7. Defendants failed to raise this issue before the jury was dismissed, and thus they cannot raise it now.

Federal law governs whether an inconsistency challenge is waived. *See, e.g.*, *Coralluzzo v. Educ. Mgmt. Corp.*, 86 F.3d 185, 186 (11th Cir. 1996). A party waives an objection to an error on the verdict form by not raising the issue before the jury starts deliberating. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1331 (11th Cir. 1999) (citing Fed. R. Civ. P. 51) ("A party who fails to raise an objection to a verdict form interrogatory or jury instruction prior to jury deliberations waives its right to raise the issue. . . ."). Similarly, a party waives an objection to an inconsistent jury verdict by not raising the issue before the jury is discharged. *See Coralluzzo*, 86 F.3d at 186 (quoting *Skillin v. Kimball*, 643 F.2d 19, 20 (1st Cir. 1981)) ("To allow a new trial after the objecting party failed to seek a proper remedy at the only time possible [i.e., before the jury is discharged] would undermine the incentives for efficient trial procedure . . . ."); [2] *see also Mason v. Ford Motor Co.*, 307 F.3d 1271,

---

[2] The Court recognizes that there may be an inconsistency with the rule in *Coralluzzo* and older rules in binding Fifth Circuit decisions, which allow inconsistency challenges after the jury has been discharged. *See Mason*, 307 F.3d at 1274, n.4 (citing *Coralluzzo*, 86 F.3d at 186; *Fuggitt v. Jones*, 549 F.2d 1001 (5th Cir. 1977)) (identifying a possible inconsistency but declining to rule on the issue). However, the Court finds the newer rule in *Coralluzzo* more persuasive and consistent with the Eleventh Circuit's subsequent decisions on this issue. *See Reider v. Philip Morris USA, Inc.*, 793 F.3d 1254, 1259 (11h Cir. 2015) (citing *Mason*, 307 F.3d at 1274; *Coralluzzo*, 86 F.3d at 186) (ruling on whether the party made a timely objection to a special verdict and explaining that a party must make an inconsistency objection "before the jury has been dismissed"); *Sands v. Kawasaki Motors Corp. U.S.A.*, 513 Fed. App'x 847, 857 (11th Cir. 2013) (citing *Mason*, 307 F.3d at 1274; *Coralluzzo*, 86 F.3d at 186) (explaining that the party objecting to an inconsistent verdict must make the objection before the jury is discharged for both general and specific verdicts).

1275 (11th Cir. 2002) (ruling that the defendant waived an inconsistency objection to a general verdict by failing to raise the objection "before the jury was discharged"). These waiver rules ensure that the trial court has an opportunity to remedy errors before there is a risk of a new trial. *See Coralluzzo*, 86 F.3d at 186 (citation omitted); *Farley*, 197 F.3d at 1329 (citation omitted).

Here, the Court and the parties spent an extraordinary amount of time finalizing the jury instructions and verdict form. There were multiple drafts, ECF Nos. 93, 165, 175, 177, 181, 189, 199-2, multiple briefs on specific objections, ECF Nos. 187 & 191, documents memorializing preserved objections, ECF Nos. 184 & 188, two separate Orders on the parties' objections, ECF Nos. 153 & 164, and an extensive charge conference that went well into the night. Trial Tr. 3/24/22 at 2716–75. However, Defendants do not cite and the Court has not found an instance where Defendants requested an instruction that Wilkerson's misrepresentation claims were barred if the jury found in the Defendants' favor on Wilkerson's products liability claims. Furthermore, once the jury's verdict was published and the jury had been polled, Defendants did not raise an inconsistency challenge. Trial Tr. 3/25/22 at 2927–29. Once the jury left the courtroom, the Court explicitly gave Defendants an opportunity to raise any issues, and Defendants sat silent. *Id*. at 2932. Clearly, Defendants had several opportunities to raise this issue before the jury was

discharged, but they chose not to. Therefore, Defendants waived this argument, and no further analysis is necessary.

Accordingly, Defendants' Motion for JMOL or in the Alternative for a New Trial, ECF No. 213, is **DENIED.**

**DONE AND ORDERED** this 16th day of July 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**